IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action 14-cv-02531-RM-NYW

JEFFREY HULSE; *et al.*,

        Plaintiffs,

v

ADAMS COUNTY, COLORADO, *et al.*,

        Defendants.

_____

ORDER GRANTING MOTION FOR PARTIAL STAY
_____

Magistrate Judge Nina Y. Wang

        This matter comes before the court on Defendants' Motion for a Partial Stay of Discovery [#13], filed on November 19, 2014 (the "Motion for Partial Stay"). This Motion for Partial Stay was referred to the Magistrate Judge pursuant to the Order of Reference dated September 23, 2014 [#6] and memoranda dated November 19, 2014 [#14]. The court has carefully reviewed the briefing on this Motion for Partial Stay, the related Partial Motion to Dismiss filed by Defendants [#12], the applicable case law, and the docket entries.

        The court respectfully recommended that Plaintiffs' Motion to Dismiss [#12] be granted by Recommendation on March 30, 2015. [#36]. On April 13, 2015, Plaintiffs sought an extension of time to file Objections to the Recommendation, pending Defendants' responses to certain Requests for Admissions. [#38]. District Judge Moore granted Plaintiffs' Motion for Extension of Time. [#39].

**ANALYSIS**

The background of this case is set forth in the court's issued Recommendation on Defendants' Motion to Dismiss [#36]. Defendants have also moved, during the pendency of Defendants' challenges as to the Complaints' official capacity claims as to all individual Defendants, and as to the individual capacity claims as to Sheriff Darr and the municipal liability claims as to Adams County, for a stay of discovery targeted at evidence relevant to those claims. [#13 at 1-2].

Because the doctrine of qualified immunity is not applicable to Plaintiffs' municipal liability and official capacity claims, *see Rome v. Romero*, 225 F.R.D. 640, 643-44 (D. Colo. 2004)), and because the filing of a motion to dismiss does not by itself constitute "good cause" to stay discovery, *see Chavez v. Young Am. Ins. Co.*, 2007 WL 683973, at *3 (D. Colo., Mar. 2, 2007), the court declines to exercise its discretion to stay discovery of Plaintiffs' municipal liability and official capacity claims. The court does however find that a stay of discovery as to Sheriff Darr is warranted as to any discovery "(i) directed against [Sheriff Darr in his] individual [capacity], (ii) in support of a claim for monetary damages, (iii) [] seek[ing] information other than that relating to disputed factual issues regarding the actual events giving rise to the qualified immunity defense." *Rome*, 225 F.R.D. at 645 (D. Colo. 2004). This holding is consistent with the Supreme Court's recognition that a well-supported claim of qualified immunity should shield a defendant from "unnecessary and burdensome discovery." *Crawford–El v. Britton,* 523 U.S. 574, 598, (1998) ("if the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery").

## CONCLUSION

In light of the court's Recommendation to grant Defendants' Partial Motion to Dismiss, the court GRANTS IN PART and DENIES IN PART this instant Motion to Stay. IT IS ORDERED:

(1) Any additional discovery directed against Sheriff Darr in his individual capacity, beyond what has already been propounded and is due to be responded to, is hereby STAYED, including:

 a. Any discovery in support of a claim for monetary damages; and

 b. Any discovery seeking information other than that relating to disputed factual issues regarding the actual events giving rise to the qualified immunity defense, and

(2) The Motion for Stay is otherwise DENIED.

DATED: April 14, 2015                             BY THE COURT:

                                                  s/ Nina Y. Wang
                                                  United States Magistrate Judge